UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CV-62489-VALLE

MARIA RODRIGUEZ, o/b/o
EFRAIN RODRIGUEZ, Deceased,

    Plaintiff,

v.

KILOLO KIJAKAZI,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

## ORDER ON MOTION FOR ATTORNEY'S FEES

THIS MATTER is before the Court on Plaintiff's Unopposed Petition for Attorney's Fees (the "Motion") (ECF No. 34).

Upon Defendant's Unopposed Motion to Remand, the Court remanded the case to the Commissioner for further administrative proceedings. *See generally* (ECF Nos. 32, 33). Plaintiff now seeks an award of her attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), and Defendant does not oppose the Motion. *See* (ECF No. 34 at 2).

Under the EAJA, a court generally must award reasonable attorneys' fees to any party prevailing in litigation against the United States, unless the United States' position was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Here, based on the consent to remand, it is undisputed that Plaintiff is the prevailing party. (ECF No. 34 at 1). Further, Defendant does not object to the fees and expenses. *Id.* at 2. Thus, the only issue is whether Plaintiff's requested attorney's fees are reasonable.

## I.   ATTORNEYS' FEES

Plaintiff seeks an award of $9,700.00 in attorney's fees, which represents an agreed upon amount. *Id.* The attorney's fees result from 48.2 hours of work performed by attorney Sarah H. Bohr at an hourly rate of $207.78 in 2020, $217.54 in 2021, $234.95 in 2022, and $242.78 in 2023. *Id.* Although the EAJA sets a ceiling of $125 per hour for attorneys' fees, courts may raise the ceiling based on increases in the cost of living. *See* 28 U.S.C. § 2412(d)(2)(A)(ii); *see also Williams v. Kijakazi*, No. 22-CV-60964, 2023 WL 5507723, at *1 (S.D. Fla. Aug. 24, 2023), *report and recommendation adopted*, 2023 WL 5507724 (S.D. Fla. Aug. 25, 2023) (adopting the undersigned's recommendation to award EAJA fees based on rate of $234.95 an hour for work performed in 2022-23); *Dewees v. Acting Comm'r of Soc. Sec.*, No. 21-CV-328, 2022 WL 1406667, at *6 (M.D. Fla. May 4, 2022) (approving EAJA hourly rate at $214.29 for attorney work performed in 2021). Based on a review of the record, the undersigned finds that the attorney's hourly rates are supported by the increased cost of living and consistent with other attorneys petitioning for EAJA fees within the Circuit. *Williams*, 2023 WL 5507723, at *1; *Dewees*, 2022 WL 1406667, at *6.

Moreover, having reviewed Plaintiff's counsel's itemized time entries, reputation, and experience, (ECF No. 34 at 3-5), the undersigned finds that Plaintiff's request for attorney's fees is reasonable. *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)) ("A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."); *see also Watkins v. Kijakazi*, No. 20-CV-61213, 2023 WL 158194, at *1 (S.D. Fla. Jan. 11, 2023) (adopting recommendation that plaintiff's request for attorney's fees and costs be granted in full given the United States' lack of opposition);

*Jandasek v. Kijakazi*, No. 20-CV-61286, 2021 WL 4709796, at *1 (S.D. Fla. Oct. 8, 2021) (same); *Obando v. Kijakazi*, No. 20-CV-60990, 2021 WL 4226020, at *1 (S.D. Fla. Sept. 16, 2021) (same). As well, Defendant does not object to the requested hours.

Lastly, in the Motion, Plaintiff discloses that she has assigned to her attorney any fee award she may receive under the EAJA. (ECF Nos. 34 at 2, 34-1). Accordingly, once the U.S. Department of the Treasury finds that Plaintiff owes no debt to the United States, the fees should be paid directly to counsel. *See, e.g.*, *Williams*, 2023 WL 5507723, at *2 (recommending that fees be paid directly to counsel); *cf. Harrell v. Colvin*, No. 14-20513-BB (S.D. Fla. Apr. 10, 2015) (ECF No. 39) (discussing the split in the District regarding assignment of EAJA fees and concluding that fees should be paid directly to plaintiff).

## II.     CONCLUSION

For the reasons set forth above, Plaintiff's Unopposed Petition for Attorney's Fees is **GRANTED**. Plaintiff is awarded **$9,700.00** in attorney's fees, to be paid to Plaintiff's counsel once the U.S. Department of the Treasury finds that Plaintiff owes no debt to the United States.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on December 19, 2023.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record